## In re Anonymous No. 52 D.B. 91

Disciplinary Board Docket No. 52 D.B. 91.

*Hearing Committee,* April 10, 1992—Pursuant to Rule §89.172 of the Rules of the Disciplinary Board, Hearing Committee [    ] files this report on the hearing held November 7, 1991, with regard to charges filed against [respondent], Esq.

### SUMMARY OF EVIDENCE

This matter arises out of the respondent's representation of one [A] and [B], husband and wife, regarding various matters. Respondent was first retained by [A and B] in the latter part of 1988 and represented them with regard to the defense of a personal injury claim, and a dispute concerning their mortgage with [C] Savings & Loan of [    ]. In December of 1989, respondent was advised by [A and B] that they were terminating him as their lawyer and that they had retained the services of [D], Esq., also of [    ].

[D] made contact with the respondent on more than one occasion requesting the contents of the files that the respondent had generated during his representation of [A and B]. Such documents were not delivered to [D] until approximately April 10, 1990. Evidence indicated that

until the first week of April 1990, respondent had been unable to secure a court order permitting him to withdraw from representation of [A and B] and pending litigation. Prior to such time, attorney [D] had not entered an appearance on behalf of [A and B] in such litigation.

Finally, the evidence revealed that all of the documents in the files of the respondent concerning the representation of [A and B] had previously been delivered to [A and B] during the course of respondent's period of representation. Further, except for pending litigation, all other matters contained in such files were "closed" with such matters having been resolved. Finally, there was no evidence of any prejudice suffered on the part of [A and B] as a result of the events described at the hearing.

## FINDINGS OF FACT

(1) Petitioner, whose principal office is located at 300 North Second Street, Harrisburg, Pa., is invested, pursuant to Rule 207 of the Pennsylvania Rules of Disciplinary Enforcement, with the power and the duty to investigate all matters involving alleged misconduct of any attorney admitted to practice law in the Commonwealth of Pennsylvania and to prosecute all disciplinary proceedings brought in accordance with the various provisions of the aforesaid rules.

(2) Respondent, [    ], Esq., was born in 1944, was admitted to practice law in the Commonwealth of Pennsylvania in 1974, and his office is located at [    ].

(3) In October 1988, respondent was first retained by [A and B] with regard to personal injury litigation captioned *[E] v. [A and B]*, pending in the Court of

Common Pleas of [ ] County, Pennsylvania, at no. [ ]. An appropriate engagement letter was provided to [A and B] by the respondent.

(4) In the following 14 months, respondent provided legal services and advice to [A and B] on a variety of matters. These matters included the filing of a claim for a stolen car, consultation concerning a lien of [C] Savings & Loan against property owned by [B], consultation concerning a loan application made by [A] and denied by [F], an office conference concerning a family court matter involving [A] (concerning which no services were ultimately requested or rendered), a telephone conversation concerning real estate taxes to be paid by [A and B] (again, no services were ultimately requested or rendered).

(5) On December 27, 1989, [A and B] consulted with the attorney [D] of [ ] concerning representation in various legal matters, including the personal injury suit of *[E] v. [A and B], supra.*

(6) On December 27, 1989, respondent received a telephone call from attorney [D] indicating that he had been contacted by [A and B] and that he had been asked to represent them in the *[E] v. [A and B]* matter. [D] requested that [A and B's] files be delivered to him the following day. Respondent replied that he would not deliver the files the following day but would first seek to formally withdraw from the *[E] v. [A and B]* lawsuit.

(7) At the time of the initial telephone conversation between attorney [D] and the respondent, the contents of the respondent's file concerning *[E] v. [A and B]* consisted of the following:

(a) Letter from [A and B] to [E] dated December 1, 1986;

(b) Letter of [E] to [A and B] dated Jan. 6, 1987;

(c) Copy of magistrate judgment dated March 25, 1987;

(d) Letter from [E] to [A and B] dated Jan. 23, 1987;

(e) "Request for order of possession" filed by [A and B] against [E] in Magistrate Court following judgment of March 25, 1987;

(f) Letter from [G], Esq., to [A and B] dated April 20, 1987;

(g) Complaint in *[E] v. [A and B]*;

(h) Notice of intent to take default in case of *[E] v. [A and B];*

(i) Preliminary objections filed on behalf of [A and B] in *[E] v. [A and B]*;

(j) Memorandum in support of preliminary objections filed on behalf of [A and B] in *[E] v. [A and B]*;

(k) Respondent's letter to [A and B] dated October 7, 1988;

(l) Stipulation amending complaint in the case of *[E] v. [A and B]*;

(m) Amended complaint in case of *[E] v. [A and B]*;

(n) Answer and new matter in the case of *[E] v. [A and B]*;

(o) Motion for leave to withdraw (by respondent) in *[E] v. [A and B]*;

(p) Letter from respondent to attorney [D] dated April 10, 1990.

(8) All of the documents contained in the respondent's file concerning *[E] v. [A and B]* had either originated from [A and B] or been copied to [A and B] at the time that they were created or filed. Nothing contained in the respondent's file concerning this matter had not previously been delivered to [A and B].

(9) Attorney [D] wrote to respondent on January 3, 1990, and again on February 8, 1990, indicating that he was still expecting to receive a copy of respondent's files concerning the [A and B] matters. In the letter of February 8, 1990, attorney [D] advised respondent that he had initiated a complaint with the Disciplinary Board concerning the matter.

(10) At a point in time after February 8, 1990, respondent had a face-to-face meeting with attorney [D], at which time he again explained that he would deliver the [A and B] files when he had withdrawn his appearance from the pending litigation.

(11) Respondent had arranged to present a motion to withdraw his appearance in the case of *[E] v. [A and B]* on March 13, 1990. However, because of illness, he was forced to reschedule the motion until April 9, 1990.

(12) The motion to withdraw in the case of *[E] v. [A and B]* was granted on April 9, 1990, and the [A and B] files were delivered to attorney [D] on or about April 10, 1990.

(13) With regard to the contents of respondent's files concerning the [A and B] matters, attorney [D] acknow-

ledged that, with the exception of the pending case of *[E] v. [A and B]*, all other matters had been closed or otherwise disposed of. Attorney [D] admitted that nothing in those files assisted him in his representation of [A and B] after April 10, 1990. Attorney [D] further acknowledged and the Hearing Board finds that the delay of respondent in forwarding the file materials to attorney [D] caused no prejudice to [A and B].

(14) Copies of all of the file materials in question were, prior to the controversy here in question, in the possession of [A and B].

## DISCUSSION

Respondent has been charged with a violation of section 1.16(d) of the Rules of Professional Conduct. That rule states:

"Upon termination of representation, the lawyer shall take steps to the extent reasonably practicable to protect the client's interest, such as giving reasonable notice to the client, allowing time for employment of other counsel, surrendering papers and property to which the client is entitled and refunding any advance payment of fee that has not been earned. The lawyer may retain papers relating to the client to the extent permitted by other law."

At hearing, it was the position of the respondent that he had acted properly in retaining the documents involving *[E] v. [A and B]* until such time as he was granted leave by the court to withdraw as counsel for [A and B]. The uncontroverted evidence was that attorney [D] had not filed an appearance on behalf of [A and B] in this litigation and, thus, leave of court was required. The

Hearing Committee found credible the evidence that respondent was reasonably expedient in scheduling a motion to withdraw from this litigation and that the cause for rescheduling this motion until April 9, 1990, was a matter beyond respondent's control.

With regard to those documents that relate to matters other than *[E] v. [A and B]*, a review of such documents indicates that they were copies from originals retained by [A and B], or they were correspondence which had been copied to [A and B]. Further, it is clear that all of these other matters were closed, disposed matters which provided no relevant information for the future representation of [A and B].

It is the board's determination that respondent took steps that were necessary to protect the interests of [A and B] with regard to the *[E] v. [A and B]* litigation following notice that he was being terminated as [A and B's] counsel. The board is convinced that surrendering of the papers here in question at a date earlier than April 10, 1990, was not necessary to protect the interests of [A and B].

It is the finding of the board that respondent took those steps required of him under Rule 1.16(d) of the Rules of Professional Conduct and that, under the circumstances of this case, the respondent did not violate such rule.

## CONCLUSION OF LAW

Respondent, [    ] Esq., did not violate Rule of Professional Conduct 1.16(d).

## ORDER

And now, April 10, 1992, upon consideration of the report and recommendation of Hearing Committee [    ], filed February 12, 1992, it is hereby ordered that the charges against [respondent] docketed at No. 52 D.B. 91, be dismissed.